AYRES, Judge.
Plaintiff was charged with the offense of operating a motor vehicle upon a public street in the City of Shreveport while he was under the influence of alcoholic beverages. Following a plea of guilty and after imposition of sentence, the defendant, State of Louisiana, through the Department of Public Safety, Drivers License Division, gave notice to plaintiff of its intention to suspend his driver’s license for a period of six months and to direct the return of plaintiff’s registration plates and certificates to that department. Plaintiff, after invoking an unsuccessful administrative hearing, appealed, also unsuccessfully, to the courts for injunctive relief. Upon denial of the relief sought, plaintiff appealed suspensively and devolutively to this court.
The sole basis upon which plaintiff’s driver’s license is sought to be suspended is his alleged failure to submit to the taking of a blood test purportedly requested or demanded by the arresting officer. This test is authorized under the provisions of LSA-R.S. 32:661 (A) which, m pertinent part, provides :
“Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of R.S. 32:662, to a chemical test or tests of his blood, breath, urine or other bodily substance for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while believed to be under the influence of alcoholic beverages.”
The effect of a refusal to submit to the test is a suspension of the driver’s license for a period of six months. LSA-R.S. 32:667. This section of the statute requires, however, that:
“. . .In all such cases the law enforcement officer shall submit a sworn report ... to the department of public safety that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages, that he had informed the arrested person as provided in R.S. 32:661(C) and that the person had refused to submit to the test upon the request of the law enforcement officer. . . . ” (Emphasis supplied.)
The preceding section of the statute referred to in the quoted provision makes it mandatory that:
“When a law enforcement officer requests that a person submit to a chemical test as provided for above, he shall first inform the person of the consequences of a refusal. ... If the above procedure is not complied with, the results of the test or any reference to it is inadmissible into evidence in any criminal action or proceeding arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages.” (Emphasis supplied.)
LSA-R.S. 32:661(C).
An important and pertinent inquiry is whether the arresting officer informed plaintiff of the consequences of his alleged *719 act of refusal, that is, that his driver’s license to operate motor vehicles was subject to suspension upon his refusal to take the test. In giving consideration to the question thus presented, it appears appropriate to point out that plaintiff, in Paragraph 8 of his petition, stated under oath:
“That at no time was petitioner advised that he would lose his driving privileges if he had refused to take an alcoholic analysis test, and petitioner shows that had he known of the consequences he would have submitted to any test requested by the arresting officers.”
The answer to this paragraph of plaintiff’s petition contains no specific denial of its allegations. The language of the answer is as follows:
“Paragraph 8 of plaintiff’s petition requires no answer; it should be noted, however, that R.S. 32:668 provides in part, ‘Whether the person was informed that his privilege to drive would be suspended or denied if he refused to submit to the test shall not be an issue;’ thus, petitioner’s mistake of law is no defense.”
It appears appropriate to also point out that the language of the statute quoted in defendant’s answer was, in fact, contained in the statute when the alleged offense was committed and when the answer was prepared and filed, but that, subsequent thereto and before trial of this cause, the language used was deleted from the statute and was no longer the law. LSA-R.S. 32:668(A) as amended by Act 534 of 1972. In the amendment it was stated:
“. . .if there is a finding that the person was not informed of the results of refusing to take the test, then his license or permit to drive . . . shall not he suspended.” (Emphasis supplied.)
Under the provisions of the Code of Civil Procedure, relative to pleading, Art. 1004 requires that:
“The answer shall admit or deny the allegations of fact contained in each paragraph of the petition, and all such allegations, other than those as to the amount of damages, are admitted if not denied in the answer. . . . ” (Emphasis supplied.)
Thus, the legal effect of defendant’s answer is that defendant has judicially admitted plaintiff was not advised of the consequences of his failure to submit to a blood test, that is, that he was not advised or informed that, upon his failure to so submit, his motor vehicle driver’s license was subject to suspension.
Moreover, there is a failure to show by a reasonable preponderance of evidence that plaintiff was in fact advised or notified of the consequences of his refusal to submit to the test. The evidence is to the contrary. Plaintiff was the only witness who was called and who testified on the trial of this cause. Neither the arresting officer nor either of the two other officers listed as witnesses on the complaint under which plaintiff was charged in the city court was called to testify. Plaintiff, in his own behalf, testified that he did not know and was not informed by the arresting or other officers that he would lose his driver’s license if he refused to take the blood test; that, had he known his failure would have subjected him to such loss, he would surely have taken the test. Plaintiff was told, so he testified, that whether he took the test or not he would be charged, anyway, with drunken driving; hence he saw no necessity of submitting to the test.
Under cross-examination, plaintiff admitted to having signed a statement submitted to him by the officers but denied having read it. Plaintiff reiterated, however, his denial that the officer informed him that as a result of his refusal to submit to the test his driver’s license could be revoked. He furthermore testified that the officer did not read to him that portion of the statement appertaining to. the possibility of the loss or suspension of his driver’s license.
*720 None of the three officers listed as witnesses were called by the defendant to testify in this cause. No reason has been assigned or advanced why they were not produced, nor why their testimony was not otherwise taken, nor that their testimony was not obtainable. Under these circumstances, there is a strong presumption in law that their testimony, had it been secured, would not have been favorable to the defendant but favorable to the plaintiff. Bates v. Blitz, 205 La. 536, 17 So.2d 816, 820 (1944); Perez v. Meraux, 201 La. 498, 9 So.2d 662, 672 (1942); New Amsterdam Casualty Company v. Culotta, 230 So.2d 339 (La.App., 4th Cir. 1970). If it could be said that from plaintiff’s testimony some uncertainty as to the pertinent facts has arisen, which we do not find, it was within the reach and power of the defendant to have produced the witnesses to clear up the matter. Thus, the defendant, by the testimony of these witnesses, could have made certain that which presently appears in the record as uncertain.
We conclude, aside from and independently of defendant’s judicial admission, that plaintiff has borne the burden of proof imposed upon him by law and has satisfactorily established, by a preponderance of evidence, that upon his arrest he was not advised nor informed of the consequences of a refusal to take a blood test.
Accordingly, for the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed that the defendant, State of Louisiana, through the Department of Public Safety, Drivers License Division, be, and it is hereby, restrained, prohibited, and enjoined from suspending the motor vehicle driver’s license of plaintiff, James Belton, Jr., for any cause arising out of or incidental to the matters involved in this proceeding.
The defendant is taxed with only such costs as are assessable against it.
Reversed and rendered.