SARTAIN, Judge.
This is an appeal by Aaron Dabney, Jr. from a district court ruling which denied him injunctive relief from the suspension by the Department of Public Safety of his driver’s license, registration certificates and license plates on all of his owned vehicles for a period of six months.
On April 28, 1973, the appellant was involved in an automobile accident in the Parish of East Baton Rouge and he was arrested on the scene for operating a vehicle while intoxicated. The arresting officer, Trooper Dannie R. Baxter, of the Louisiana State Police, then informed him of his intentions to administer to him the photoelectric intoximeter test (Breatholizer), but the appellant refused at that time, and on several further requests, to take the test. Trooper Baxter then informed him of his constitutional rights and warned him that his refusal to take the test could cause *296 his driver’s license to be revoked. Dabney was then asked to sign forms indicating that he had been so informed, but he also refused to comply with this request. The record reflects that he was, thereafter, officially charged with operating a vehicle while intoxicated and that he was subsequently acquitted of that charge. There seems to be no dispute by the defendant that the arresting officer made no mention to the accused that the registration certificate and license plate of all of his owned vehicles would be also suspended in addition to his driver’s license.
On July 16, 1973, Dabney appeared at an Administrative hearing conducted, according to statute, by the Department of Public Safety, at which the License Control Officer determined that there was reasonable cause for his arrest, that the arrest was made, that Dabney had been warned by the officer according to law, and that he had refused to take the test. The suspension was then affirmed.
These measures are attacked on the ground that, under the provisions of LSA-R.S. 32:661-subd. C, Dabney was not informed by the arresting officer of the fact that his registration certificates and license plates would also be suspended on all vehicles which he owned, in addition to his driver’s license, because of his refusal to submit to the test. These arguments were rejected in the trial court, it being found there that 661-C contemplated only that the accused be warned that his driver’s license would be suspended. We affirm that judgment.
R.S. 32:661, subd. A statutorily authorizes use of the test attempted to be administered upon Dabney in the following terms:
§ 661. Operating a vehicle under the influence of alcoholic beverages; implied consent to chemical tests; administering of test and presumptions; effect of refusal to submit to tests; informing person of consequences of refusal and his rights
A. Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of R.S. 32:662, to a chemical test or tests of his blood, breath, urine or other bodily substance for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while believed to be under the influence of alcoholic beverages. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages. The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered.
Section C of that statute requires that the accused be warned by the arresting officer of the consequences of a refusal to take the test in this manner.
C. When a law enforcement officer requests that a person submit to a chemical test as provided for above, he shall first inform the person of the consequences of a refusal. In addition, the law enforcement officer shall have the person sign a standard form advising such person of his constitutional rights; the law enforcement officer shall have the person sign a separate form advising such person of the consequences of his refusal to submit to a chemical test, provided however that a single combination of the two forms may be used. If the person is unable or unwilling to sign the form, the law enforcement officer shall certify that such person was informed of his *297 constitutional rights and was unable or unwilling to sign said form. If the above procedure is not complied with, the results of the test or any reference to it is inadmissible into evidence in any criminal action or proceeding arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of alcoholic beverages.
R.S. 32:667 further provides what the consequences of refusal shall be:
§ 667. Refusal to submit to test, effect of
If a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test designated by the law enforcement agency as provided in R.S. 32:661, none shall be given. In all such cases the law enforcement officer shall submit a sworn report in a form approved by the director of public safety to the department of public safety that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public high-days of this state while under the influence of alcoholic beverages, that he had informed the arrested person as provided in R.S. 32:661(C) and that'the person had refused to submit to the test upon the request of the law enforcement officer. Upon receipt of the sworn report the department of public safety shall suspend the license of said person or his permit to drive, or any nonresident operating privilege for a period of six months from the date said license is delivered to the department of public safety. This suspension shall be in addition to any subsequent suspension or revocation of the license of any such person arising out of such actions for operating a vehicle while under the influence of alcoholic beverages. If the person is a resident without a license or permit to operate a motor vehicle in this state, the department of public safety shall deny the issuance of a license or permit to such person for a period of six months after the date of the alleged violation, subject to review as hereinafter provided. (Emphasis provided)
Therefore, it seems clear that the suspension authorized by these statutes, and the warning required of the arresting officer, deals only with the driver’s license of an accused. Although not confronted with the exact question posed here, we note that the Second Circuit Court of Appeal in Belton v. State, Department of Public Safety, Drivers License Division, 277 So.2d 717 (La.App.2nd Cir., 1973), noted that the refusal to take such test would result in the suspension of driver’s license only. At page 718 the court said:
“The effect of a refusal to submit to the test is a suspension of the driver’s license for a period of six months.”
And further:
“An important and pertinent inquiry is whether the arresting officer informed plaintiff of the consequences of his alleged act of refusal, that is, that his driver’s license to operate motor vehicles was subject to suspension upon his refusal to take the test.”
The appellant argues, however, that R.S. 32:896 provides for suspensions beyond that of the driver’s license only and that an accused must also he warned by the arresting officer that failure to take the test will cause the forfeiture of the registration certificate on all owned vehicles. We think, as did the trial court, that this argument, which is apparently being decided for the first time in this case, is without merit. R.S. 896 contains these provisions:
§ 896. Proof required upon certain convictions
A. Whenever the director, under any law of this state, suspends or revokes the *298 license of any person upon receiving record of a conviction or a forfeiture of bail, or whenever the director suspends the license or permit to drive or nonresident operating privilege of a person for refusing to submit to a chemical test or tests of his blood, breath, urine or other bodily substance for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while believed to be under the influence of alcoholic beverages, the director shall also suspend the registration for all motor vehicles registered in the name of such person, provided that he shall not suspend such registration, unless otherwise required by law, if such person has previously given or shall immediately give and thereafter maintain proof of financial responsibility with respect to all motor vehicles registered by such person. (Emphasis ours)
The emphasized section of that statute plainly provides that where an alcohol content test is refused by an accused, the Director of the Department shall not suspend the registration of other owned vehicles where the accused has given, or shall immediately give, and maintain, proof of financial responsibility as to all other owned vehicles, unless otherwise required by law. Therefore, had Dabney made and maintained proof of financial responsibility following his refusal to take the test, his registration of other owned vehicles would not have been suspended. Loss of registration is not a mandatory consequence of the refusal by a driver to take a test authorized by 32:661, subd. A. The testimony clearly proves that the provisions of R. S. 32:661, et seq. were complied with by the arresting officer and in the Administrative hearing, and the judgment of the district court is affirmed at appellant’s costs.
Affirmed.