230 So.2d 339 (1970)
NEW AMSTERDAM CASUALTY COMPANY and Mrs. Rose R. Coburn
v.
Anthony F. CULOTTA.
No. 3746.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1970.
LeBrun, Karno & Lockart, Leon I. Brainis, Metairie, for plaintiff-appellee.
*340 Plotkin, Sapir & Bradley, Shirley Ann Basile, New Orleans, for defendant-appellant.
Before HALL, LeSUEUR and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
The facts of this case as found by the trial judge are these:
An automobile accident occurred on April 13, 1966, at approximately 10:25 a. m., in the City of New Orleans, on South Carrollton Avenue, approximately one-fourth block toward St. Charles Avenue from its intersection with Oak Street. The plaintiff, Mrs. Rose R. Coburn, was the owner and operator of a 1963 Chevrolet Impala, and the defendant, Anthony Culotta, was the owner and operator of a 1965 Dodge sedan. The Coburn automobile was hit in the rear by the front of the Culotta vehicle. The damages to the Coburn automobile amounted to $241.60. The New Amsterdam Casualty Company, also a plaintiff herein, by virtue of a collision insurance policy which it issued on Mrs. Coburn's automobile paid her the sum of $191.60 towards the repair of the damages. Mrs. Coburn paid the deductible portion of $50.00 under said policy. The plaintiff insurance company became subrogated to the rights of Mrs. Coburn to the extent of $191.60, as a result of said payment.
The plaintiffs filed suit in tort against defendant Culotta in the First City Court of the City of New Orleans for their respective claims. The defendant answered averring that the sole cause of the accident was the negligence of an unknown third party in striking defendant's automobile from the rear thus causing defendant's automobile to strike the rear of plaintiff's automobile, and in the alternative, pleaded contributory negligence on the part of Mrs. Coburn as a bar to recovery. Judgment was rendered on December 17, 1968 in favor of plaintiffs as prayed for. From this judgment defendant has perfected an appeal to this court alleging the same affirmative defense that he attempted to prove in the court below, i. e., that the accident was caused by an unknown third party, but he does not advance his claim of contributory negligence on appeal. Defendant seeks to persuade us that the trial court erred in disregarding the contradictory testimony of two witnesses, and in finding that defendant failed to meet his burden of proof of his affirmative defense and thus finding him negligent.
The two witnesses whose testimony was contradictory were the investigating officer and the son-in-law of the plaintiff. Both arrived on the scene after the accident had occurred and thus neither was an eyewitness. The officer testified that there appeared to be some fresh damage to the rear of defendant's automobile. The son-in-law testified that he made a thorough investigation of the defendant's automobile and found no such damage. The trial judge, referring to both witnesses as being of unquestionable character, chose to disregard the testimony of both of them and decided the case on the other evidence. This is something which it is within the court's discretion to do, and we cannot say that the trial judge erred on this point. Powell v. Smith, La.App., 62 So.2d 671.
Defendant argues that even though the trial judge said that he disregarded the testimony of both witnesses he in fact accepted that of the son-in-law and this he should not have done since that witness was an interested party. Even if this allegation were true, which we do not say it is, our brother below would have been within the bounds of his discretion in so deciding. It has long been held in our jurisprudence that whereas his relationship may be considered in assigning weight to his credibility, the testimony of a son-in-law may be accepted in a case in which his mother-in-law is a party. Rachal v. Rachal, 4 La.Ann. 500. It is too elementary to require citation that the trial court has great discretion in assessing the weight of the testimony and credibility of the witness *341 that he sees and hears. We do not think that he has abused that discretion.
Defendant's assertion that the accident occurred as a result of his being struck in the rear by a third party vehicle is, of course, an affirmative defense. A party defendant who asserts an affirmative defense bears the burden of proof thereof. Winru Chemical & Sales Co. v. Collier, La.App., 73 So.2d 9. Once the testimony of the police officer was discarded, the only evidence supporting the contention of the defendant was his own testimony. The defendant failed to produce any itemized bills which would show repairs to the rear of his vehicle. He said the rear of his car was repaired, but he was unable to specify where or by whom. He also failed to produce an eyewitness to the accident which apparently only he knew about. The only reason he gave for his failure to produce this witness is that the witness was out of town on an oil rig.
It is well settled that the failure of a party to produce a witness who is available to him, may be construed as raising the presumption that the testimony of the missing witness would be detrimental to his cause. Veillon v. Sylvester, La.App., 174 So.2d 189, King v. Jarvis, La.App., 144 So.2d 616. We are unable to say that his being on an oil rig would make a witness unavailable, particularly in view of the rapid means of communication and transportation which are available to the modern oil field worker.
In view of all these circumstances we readily conclude that the trial judge did not err in his finding that the defendant failed to sustain his burden of proving the affirmative defense which he raised.
For the foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
Affirmed.