272 So.2d 714 (1973)
David WOLFE, Jr., Plaintiff and Appellee,
v.
EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY, Defendant and Appellant.
No. 4047.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1973.
Gist, Methvin & Trimble, by John W. Munsterman, Alexandria, for defendant-appellant.
Perrell Fusilier, Oakdale, for plaintiff-appellee.
Before SAVOY, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
This is a suit for damages for personal injuries to a pedestrian who was struck by *715 an automobile. The vehicle was owned by Robert Johnson and being driven at the time by Miss Barbara Grimes. Defendant is the liability insurer of the vehicle. From an adverse judgment, defendant appealed.
The substantial issue is whether Miss Grimes was driving "with the permission of the named insured", within the meaning of the Omnibus Clause of the policy.
The general facts are that on the night in question plaintiff was walking in a northerly direction on the east side of Ballard Road in the city of Oakdale. He was on the gravel shoulder, about one or two feet from the edge of the asphalt pavement. While thus walking, he was struck on the left arm and chest by a vehicle being driven also in a northerly direction by Miss Barbara Grimes. She was alone at the time.
The only evidence introduced at the trial relative to the question of permission of the named insured, Robert Johnson, for Miss Grimes to operate the vehicle, is the testimony of the plaintiff himself. He said that he knew Robert Johnson, who lived about three houses down the street from him, and knew Johnson owned this "White Ford". Plaintiff testified that Johnson was not married but he was "dating" a woman at the home of Mr. Henry Grimes, and he saw Johnson's car in front of the Grimes residence "a lot of times." It is not clear whether Johnson was dating Mrs. Henry Grimes or her daughter, Barbara.
Robert Johnson died before trial, so his testimony was not available. Neither party called Mrs. Henry Grimes or her daughter, Barbara, as a witness.
Defendant argues plaintiff's failure to call Barbara Grimes as a witness creates a presumption that her testimony would have been unfavorable to plaintiff. We do not agree. Such a presumption arises only where (1) the party has the burden of proof and (2) the party has some control over or close relationship to the witness, Fontana v. State Farm Mutual Automobile Insurance Company, 173 So.2d 284 (La.App., 3rd Cir. 1965). In the present case, plaintiff had the burden of proof, but he had no control over or close relationship to Barbara Grimes. She was equally available as a witness to both plaintiff and defendant.
In these cases involving the omnibus clause, plaintiff has the burden of proving the driver had either express or implied permission to operate the vehicle, Guidry v. Rhodes, 238 So.2d 248 (La.App., 3rd Cir. 1970) and the cases cited therein. In the present case, there is no evidence tending to show that Johnson gave express permission to Miss Grimes. The only possible issue is whether she had implied permission.
Generally, implied permission arises from a course of conduct by the named insured involving acquiescence in, or lack of objection to, the use of the vehicle. All of the facts and circumstances must be considered. One group of cases in our jurisprudence involves the situation where the driver initially had express permission to use the vehicle for a certain purpose but had deviated from that purpose at the time of the accident, Parks v. Hall, 189 La. 849, 181 So. 191 (1938); Waits v. Indemnity Insurance Company of North America, 215 La. 349, 40 So.2d 746 (1949); Dominguez v. American Casualty Company, 217 La. 487, 46 So.2d 744 (1950); Buckelew v. Roy, 168 So.2d 831 (La.App., 2d Cir. 1964); and American Home Assurance Company v. Czarniecki, 216 So.2d 115 (La.App., 2d Cir. 1958). These cases have no application to the present matter since there is no evidence of an initial express permission either to Mrs. Grimes or her daughter to use the vehicle for any purpose whatever.
Another group of cases deals with the situation where one person has express permission to operate the vehicle and he allows a second permittee to drive. See Garland v. Audubon Insurance Company, 119 *716 So.2d 530 (La.App.1st Cir. 1960) and the excellent discussion of the jurisprudence set forth therein. These cases also have no application here since there is no evidence that even Mrs. Henry Grimes had permission to use the car and hence she could have no authority to delegate permission to her daughter.
Scoggins v. Agricultural Insurance Company, 161 So.2d 438 (La.App., 4th Cir. 1964) is somewhat similar to the case at hand. There, the owner had taken his automobile to a body shop for repairs. That night, the owner of the shop was driving the vehicle on a personal mission at the time of the accident. The vehicle was not being road tested, nor was there any evidence of authority or necessity for the employees of the shop to drive the vehicle on the city streets. The court held under the circumstances there was no implied permission.
Another similar case is Guidry v. Rhodes, 238 So.2d 248 (La.App., 3rd Cir. 1970) in which the driver was a friend of the owner of the vehicle and had assisted him in moving certain furniture during the day. That night, they returned to the owner's home, and while the owner was asleep, the driver took the vehicle on a personal mission and the accident occurred. The owner testified he gave no permission for the use of the truck, and the driver admitted he had no such permission. Nevertheless, plaintiff argued that in view of their friendship and all of the circumstances there was implied permission. We held the facts were not sufficient to show such permission.
We find the evidence in the present case is clearly not sufficient to prove implied permission. The extent of the testimony is that the named insured, Robert Johnson, was "dating" either Mrs. Henry Grimes or her daughter and Johnson's automobile had been seen parked at their residence "a lot of times". There is no evidence whatever that Robert Johnson ever gave express permission to either Mrs. Grimes or her daughter to drive the vehicle. Furthermore, there is no evidence that either of them had ever driven the vehicle previously. We don't think the mere fact that a man is "dating" a woman gives rise to the implication that he has permitted her or her daughter to drive his automobile.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendant, dismissing plaintiff's suit at his costs. All costs of this appeal are assessed against the plaintiff appellee.
Reversed and rendered.