296 So.2d 846 (1974)
Richard H. LOWENBURG
v.
LABOR POOL OF AMERICA, INC., and Home Indemnity Co.
No. 5678.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1974.
Rehearings Denied July 3, 1974.
Writ Denied September 24, 1974.
*847 Peter H. Beer, New Orleans, for plaintiff-appellee.
M. N. Grossel-Rossi, New Orleans, for Labor Pool of New Orleans, Inc. and the Home Indemnity Co.
Rudolph R. Schoemann, New Orleans, for America, Compania General de Seguros and Industrial Fire and Casualty Co.
Before STOULIG, J., and MARINO and MALIK, JJ. Pro Tem.
THOMAS J. MALIK, Judge Pro Tem.
This case arises out of an accident on September 18, 1970 involving the plaintiff, a pedestrian, struck by a truck belonging to the defendant Mike Smith being operated *848 by Norman Babin an employee of the defendant Labor Pool of America, Inc. This action was brought against Labor Pool of America, Inc. later changed to Labor Pool of New Orleans, and their insurer, Home Indemnity Co. By subsequent amendment, Mike Smith was brought in as a party-defendant as well as his insurers, Surplus Underwriters, Inc.
After a trial on the merits, the trial court rendered judgment on behalf of the plaintiff against Labor Pool of New Orleans, The Home Indemnity Co., Mike Smith and Compania General de Seguros and Industrial Fire and Casualty Company in the amount of fifty seven thousand, two hundred thirty-five and thirty-eight dollars, ($57,235.38). The third-party petition urged by Labor Pool of America, Inc. and Home Indemnity Co., against Surplus Underwriters Inc. and Mike Smith were dismissed.
Due to amnesia following the accident the plaintiff was unable to testify relative to the usual important aspects concerning the accident itself such as speed of the vehicle, place of impact, etc. This would leave the driver of the defendant's truck as the sole remaining eye-witness as to how this accident occurred, however, although served with a notice of deposition 5 months after filing of the suit, again 8 months after filing of the suit, and finally 9 months after filing of the suit, and lastly a subpoena for the trial, Norman Babin the driver of defendant's vehicle failed to appear to give testimony on either occasion. The trial court cited as reasons for its judgment certain facts brought out by the police report, which were admitted into evidence indicating excessive speed of defendant's vehicle. Babin's failure to testify carried great weight with the trial court. It was a further finding of fact by the trial court that Babin had the last clear chance to avoid the accident and further that his negligence was the proximate cause of the accident. The trial court found the plaintiff free of any contributory negligence.
There can be no question but that the plaintiff possesses immeasurable integrity in admitting his failure to recall the events of that day, as opposed to conjuring up a version of the accident which would enhance his case. It becomes necessary to examine the failure of the defendant driver to appear and give testimony, and this relation to the law cited by the trial court, that the failure of a party to call a witness will create a presumption that the witness' testimony would be adverse to the party so failing to call. Such an argument is valid under certain conditions.
The witness must have particular testimony to give, as
(a). An eye witness, or (b). One having particular knowledge of the facts of a transaction, or (c). An expert witness who has rendered an opinion to the party failing to call him such as a physician or engineer, etc., also (d). The witness should be available to the party failing to call him_____. It is not necessary that the witness be under the control of the party failing to call him, but if that is so, or if there is a close relationship between them the presumption becomes more obvious.
Babin was served personally at his residence on the several occasions cited. He was driving the offending vehicle which struck plaintiff presumingly as an employee of defendant, Labor Pool of New Orleans, Inc. The truck belonged to Mike Smith, a Third-Party defendant. As pointed out by the trial court,
"There can be no doubt that although plaintiff made every effort to secure the attendance at the trial of the driver, Babin, he was actually without information other than that furnished to him by either the police or his former employer. While, on the other hand, the defendants must have knownor they should have knownand with some effort certainly could have found Babin and produced him on the trial of this cause."
*849 The Court in Wolfe v. Employers Commercial Union Ins. Co., La.App., 272 So.2d 714 (1973), has cited the law correctly in holding that the failure of a party to call a witness creates a presumption that the witness' testimony would have been unfavorable to that party where the party has the burden of proof or the party has some control over, or a close relationship with the witness. Further this Court has held in many instances, and recently in Penigon v. McNiece, 262 So.2d 407 (1972), where a rear ending vehicle's driver failed to call his guest passenger who was his daughter, her testimony shall be presumed unfavorable to her host driver father. Where the unexplained failure of a litigant to call a witness who possesses peculiar knowledge essential to that party's cause, which witness is available to him and is under his control raises a presumption that that witness' testimony would be detrimental to the party's cause. (See also New Amersterdam Casualty Co. v. Culotta, La.App., 230 So.2d 339 (1970) and Marshall v. So. Farm Bureau Gas Co., La.App., 204 So.2d 665 writ refused, 251 La. 860, 206 So.2d 711 cert. denied 393 U.S. 883, 89 S.Ct. 189, 21 L.Ed.2d 158 (1967)). In the later case involving a wrongful death action brought by parents of deceased 8 year old boy who was struck and killed by a motor vehicle, failure of parents to utilize testimony of deceased boy's companion who witnessed fatal accident or to explain the absence of such companion as a witness created presumption that companion's testimony would be adverse to the parent's cause. The instant case underscores a commitment to this doctrine and in the final analysis this is the only way a trial judge can run a court.
Although our appellate courts have their share of confused and contradictory opinions on various aspects of state jurisprudence, such confusion no longer exists as regards to disturbing a trial court's factual findings on appeal. Our State Supreme Court has recently given us a careful, thorough, and readable opinion in Canter v. Koehring Co., 283 So.2d 716 and had made it clear that when there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual bases for trial court's finding, the appellate court, on review, should not disturb this factual finding in absence of manifest error. A reviewing court must give great weight to factual conclusions of the trier of fact, and where there is conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though appellate court may feel that its own evaluations and inferences are as reasonable. We affirm this reasoning and hold that a reversal on questions of fact requires stronger inducement than that cited by the appellant.
Appellant Surplus Underwriters has urged that the truck driver Norman Babin was the borrowed employee of Carrollton Lumber & Wrecking Co., Inc., at the time of the accident, however, the trial court found that Babin, the driver of the truck, was also on the payroll of Labor Pool of New Orleans, Inc. Mike Smith was the owner of the tractor-trailer which was involved in the unfortunate accident, and he leased his truck, including the driver, to Carrollton Lumber & Wrecking Co., Inc.
We find this argument by Surplus without merit. The record discloses sufficiently that Babin was at all times the employee of Labor Pool of New Orleans, Inc., and subject to their direct orders. He was employed by them and directed by them as to where to go. This control, in the opinion of the Court, is sufficient to hold Babin to be their employee acting in the scope of course of his employment as their employee. To relieve themselves of any such liability Labor Pool should have brought in Carrollton Wrecking Co. as a defendant. The central issue for the Court is not who else may be liable, but rather which, if any, of these defendants are liable.
*850 Insofar as this judgment casts America Compania General de Seguros and Industrial Fire and Casualty Co., we agree with these appellants and, the trial court's judgment in respect to these parties is reversed, said parties not having been served or cited to appear.
The plaintiff initially sued Labor Pool and its insurer, Home Indemnity. After an answer was filed, he supplemented and amended his suit, and made Mike Smith and Surplus Underwriters, Inc., parties. At no time did the plaintiff sue and serve America, Compania General de Seguros and Industrial Fire and Casualty Company. They were not parties to the suit. However, when the court rendered a judgment, it rendered it against the two insurers who were not before the court, but who were only named in the Surplus Underwriters Policy.
Article 6 C.C.P. provides in pertinent part:
Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This Jurisdiction must be based upon; (1) The service of process on the defendant, or on his agent for the service of process.
In holding Mike Smith liable jointly and in solido, it naturally follows that we would hold his insurer but for the fact that they were not served. It also follows that we agree with the trial court that Labor Pool of New Orleans, Inc. must be held liable to plaintiff for the damages which he sustained due to the negligence of its employee. Whereas, the Home Indemnity Ins. Co., insured Labor Pool of New Orleans, Inc., that company would be solidarily liable with its insured.
The Court is further of the opinion that even if it was in error in finding that Labor Pool of New Orleans, Inc. was liable for the actions of Babin, the provisions of the policy contract issued by The Home Indemnity Ins. Co., would make Babin an insured thereunder.
This Court is also of the opinion that inasmuch as Mike Smith accepted Babin as the driver of the truck which Mike Smith was hiring out, Mike Smith directed the movement of the truck along with its driver, and hence Mike Smith must also be held liable for the negligence of his agent (if not employee). Similarly, since Smith had the truck insured through Surplus Underwriters, Inc. both Mike Smith and those insurance companies represented by Surplus Underwriters must be held jointly liable, in solido, with Labor Pool of New Orleans, Inc., and The Home Indemnity Insurance Company.
With respect to quantum these special damages were stipulated by all parties as being SEVEN THOUSAND, TWO HUNDRED THIRTY-FIVE DOLLARS and THIRTY-EIGHT CENTS ($7,235.38).
The record discloses that the plaintiff's physician Dr. H. R. Soboloff and Dr. Irvin Cohen, defendant's examining physician both established Mr. Lowenburg's disability at 35%. Plaintiff sustained a comminuted fracture of the left femur in the proximal third of the structure in addition to a fractured pelvic crest on the left. His period of treatment and rehabilitation spanned a period of 15 months of intensive orthopedic attention.
In addition to the special damages the trial court awarded the plaintiff FIFTY THOUSAND DOLLARS AND NO CENTS ($50,000.00) for pain and suffering.
Based on the medical testimony, the high number of treatments, costs of treatment and the period of rehabilitation this court does not find the award so large as to offend the sense of justice, and in fact such an award could have been expected.
We therefore affirm the trial court's award for damages.
*851 STOULIG, J., dissents with written reasons.
STOULIG, Judge (dissenting).
I respectfully dissent.
The evidence fails to establish the negligence of the truck driver was either a sole or contributing proximate cause of plaintiff's injury. The trial judge stated in written reasons for judgment "* * * Norman Babin, having had the last clear chance to avoid this accident, his negligence was the proximate cause of the accident, and that it has not been shown that any action of plaintiff contributed in any way to the accident." These conclusions are apparently founded on (1) selective readings from the police report and (2) the presumption the testimony of the truck driver would be adverse to the defendant because he was not produced as a witness.
I realize the disadvantage at which plaintiff's counsel labored because his client could not recall any pertinent facts about the accident. I also find plaintiff's honesty commendable. But the unfortunate circumstance of plaintiff's amnesia does not alter the evidentiary requirement that he must establish the negligence of defendant's agent by a preponderance of the evidence.
If it is assumed the police report is admissible under these circumstances, it must be considered in its entirety. The factors therein from which the trial judge concludes defendant was speeding (distance of the truck from the point of where plaintiff was first seen by the truck driver and distance the truck travelled after impact) are inconclusive. Further the statement of the driver, as reported by the investigating police officer, is partially accepted and partially rejected. The trial court disregarded the reported statement by the driver that the pedestrian walked into the right side of the trailer after the cab had passed him.
Secondly, I do not agree a presumption should be applied against the defense that Babin's testimony would have been adverse because he did not appear as a witness. Subpoenas were issued by plaintiff and defendant Surplus Underwriters, Inc.
From the outset of this proceeding, it is apparent Babin either avoided service or would not respond to subpoenas when served. Plaintiff's attorney first attempted to locate and serve Babin to take his deposition. Domiciliary service was obtained and the citation given to his brother-in-law, but Babin failed to appear for the deposition. Plaintiff's counsel again attempted to serve him to depose him and requested the sheriff make personal service. There is no return in the record on this attempt. Counsel for defendant Surplus attempted to subpoena Babin to appear to testify at the trial scheduled April 18, 1972 as did counsel for plaintiff. There is no return on either attempted service.
Under these circumstances, where the witness has eluded subpoenas issued by both plaintiff and defense, the failure of Babin to appear does not create a presumption his testimony would be detrimental to the defense. For the presumption to apply, the party must have some close relationship and control over the absent witness (Wolfe v. Employers Commercial Union Insurance Co., 272 So.2d 714 [La.App. 3d Cir. 1973]) and the failure to request his appearance must be unexplained by the party against whom the presumption would be raised. (Maloney v. Oak Builders, Inc., 224 So.2d 161 [La.App. 4th Cir., 1969]) There is no close relationship and Babin's failure to appear is fully explained.
I think plaintiff's suit should be dismissed at his costs.

ON APPLICATION FOR REHEARING
PER CURIAM.
This matter is before us on an application for rehearing urged by Labor Pool of New Orleans, Inc. and The Home Indemnity Company, Mike Smith and Surplus Underwriters, Inc. There are several arguments itemized by all Appellants, however, this opinion will be limited to only those of *852 substantial controversy as discussed during oral arguments and those found as a justification to reverse the trial court by the dissenting opinion of this Court.
To argue that there is no presumption voiced against a party for failure to call a witness is to ignore not only the jurisprudence of this court but that of every other State that this writer could tract. (See Comments 5 ALR2d 893-915; 68 ALR2d 1072-1098; Rigouts et al. v. Larkan, 244 La. 479, 153 So.2d 363 as well as Wolfe v. Employers Commercial Union Ins. Co., La. App., 272 So.2d 714).
The dissenting opinion and the Appellants stress the fact that that this presumption is applicable as against only that party who bears the "Burden of Proof". We agree, however one cannot construe "Burden of Proof" to mean the plaintiff's burden. Both the Wolfe v. Employers Commercial Union Insurance Co., 272 So. 2d 714 case (La.App., 3rd Cir.) and the New Amsterdam Casualty Co. v. Cullotta, 230 So.2d 339 (4th Cir.) specify "the party" bearing the burden of proof, not the plaintiff. Once the plaintiff carried a "Prima Facie Case" (which we assume, there being no motion by the defendants for a directed verdict at the close of plaintiff's case), then the burden of proof shifted to the defendants to produce the only eyewitness to this accident, namely, Babin, who was under subpoena to appear. Babin is no mere bystander, he is the employee of at least one of the defendants, under the control of another defendant, and the omnibus insured under the Home Indemnity Policy. This case is no different from situations where a victim expires as the result of an accident. In those situations it is presumed that the decedent acted with ordinary care for his own safety, (See LeBlanc v. Blanchard's Estate, 266 So.2d 918, writ refused 263 La. 618, 268 So.2d 677), also there is a presumption that, that party exercised due care under circumstances, in conformity with an instinct of self-preservation and love of life, (See Gant v. Aetna Cas. & Sur. Co., La.App., 234 So.2d 776, application denied 236 So.2d 503, 256 La. 376).
As in a death case where the victim cannot testify, this court must presume Mr. Lowenburg violated no law in crossing the street. There is however a strong indication that Defendants' driver, Norman Babin, was not free of negligence. His act caused a collision between a truck and a pedestrian and he failed to come forward and explain his act under oath, as in the case of Rigouts v. Larkan, 244 La. 479, 153 So.2d 363, where defendant advised court that his employee had promised to appear as defense witness in action but he failed to do so, and it was stipulated by counsel that his testimony could be taken by deposition after close of oral evidence in case, but said deposition was never taken and defendant offered no explanation for failing to adduce testimony of employee, it would be presumed that had employee testified his evidence would have been unfavorable to defendant.
Other than the Police report, which contained only one version and is the rankest hearsay evidence and the only blemish of the trial court's conduct, there was no proof of contributory negligence. The presumption to be gathered from Babin's failure to testify must carry more weight than the hearsay evidence of the Police report. Contributory negligence can never be assumed and must be proven (See Aymond v. Western Union Telegraph, 151 La. 184, 91 So. 671). If for the sake of argument if we would adopt appellants' argument that they should not be held to account for Babin's absence since they also subpoenaed him, why then, did they not move for a bench warrant from the trial court? This would have at least removed the inference of "skullduggery" that the majority of this Court perceives from the testimony of Mike Smith who spoke to Babin shortly before the trial. The harsh assumption of draconion law set out in Rogers v. La. RR & NAV, 143 La. 58, 78 So. 237 is simply no longer the law in this State and was replaced in 1927 by the more enlightened jurisprudence contained in the matter of Hudson v. La. Electrical Co., 7 La. App. 78, namely a defendant must show *853 that the plaintiff (the victim) was contributorially negligent.
This writer also believes in the awesomely complicated but benevolent Missouri "humanitarian doctrine" and its high regard for the interest of the pedestrian or driver of the smaller vehicle submerged by a larger and deadlier machine, see Otis, The Humanitarian Doctrine, 46 Am.L.Rev. 381 (1912); Gains, The Humanitarian Doctrine in Missouri, 20 St. Louis L.Rev. 113 (1935); and McCall v. Thompson, 348 Mo. 795, 155 S.W.2d 161 (1941). We cannot find such jurisprudence heretofore in Louisiana, however, neither can we find any reason to exclude such a doctrine.
The majority of this Court finds nothing revolutionary nor insurrectionary by our holding as other states have led us as pathfinders in the no-eyewitness rule, raising a presumption of due care by a deceased plaintiff who otherwise might have to negate contributory negligence, and may be applied where a surviving plaintiff, suffering retrograde amnesia as a result of the accident, is unable to recall the facts at or before the collision. Campbell v. Ragel, 7 Ill.App.2d 301, 129 N.E.2d 451, (1955), was an action by plaintiff to recover for personal injuries and damage to his car in an intersection collision caused by defendant's alleged negligence. Following the accident, plaintiff suffered retrograde amnesia and could not remember either the collision or the period immediately prior thereto. A physician substantiated that such amnesia is not unusual in view of plaintiff's injuries, including unconsciousness from the collision and a dislocation of his second cervical vertebras. There were no eyewitnesses in the immediate vicinity of the intersection, except plaintiff and defendant. Held: in view of the fact that plaintiff suffered amnesia because of the accident, direct evidence of his due care was unavailable, and based upon the analogy of the death cases, where it is presumed that the decedent exercised due care for his own safety, plaintiff is entitled to establish his due care by circumstantial evidence. This is a sensible result in dealing with the disfavored defense of contributory negligence. We cannot remand this case for Babin's testimony as suggested by appellants', since under the provisions of Art. 1437 of the Code of Civil Procedure such relief is no longer available, nor do these circumstances fit the requirements of the article. Counsel should have brought his witness to court for the trial, not take his chances with the hope of obtaining his testimony later, in the event of an unfavorable verdict.
Litigants and their counsel must remember that a subpoena shall never be treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase (United States v. Bryan, 339 U.S. 323, 331, 70 S.Ct. 724, 94 L.Ed. 884, Justice Vinson).
For us to hold otherwise would only encourage litigants and their witnesses to scurry about on the day of trial seeking some other calling.
Appellants motion of a rehearing is denied.