GUIDRY, Judge.
This is an appeal from the granting of a motion for summary judgment in a personal injury action in favor of the defendants, Mike Queenan Equipment Co., Inc. (Queen-an), the general employer of the alleged tortfeasor, and its insurer, National Security Fire and Casualty Company.
This suit arose out of an accident which occurred on April 30, 1976 at the Nelson Power Plant in Calcasieu Parish, Louisiana. On that date, the plaintiff, Leon Williams, was employed by the Nooter Corporation (Nooter), one of several contractors engaged in fabricating and erecting equipment at the plant. Nooter had rented a large mobile crane from Queenan to be utilized in unloading and storing steel plates that were delivered to the job site. Under the terms of the rental agreement, Queenan was to supply an operator for the crane who would be paid an hourly rate by Queenan. Queenan, in addition to rental for the crane, was reimbursed for the operator’s wages by Nooter. The operator assigned to this particular job was Elmer Finch, a long-time employee of Queenan.
On the day of the accident, the crane was being used to remove sheets of steel from a railway car, place them in a truck for delivery to the job site, and remove the steel from the truck to a storage area. Elmer Finch was operating the crane. Guy Flood, also an employee of Queenan, was driving the truck, owned by Queenan and leased to Nooter. Two of Nooter’s employees were assigned to attach the crane lifting device to the steel plates, and two more employees of Nooter guided the plates down from the truck or car and detached the crane from its load. A Nooter foreman, Mr. Mims, was in charge of this operation.
Leon Williams was assisting in the truck when the accident occurred. As the crane lifted one of the steel plates, there was a sudden shift in the load, causing the plaintiff and another Nooter employee to jump from the truck to the ground. When he landed on the ground, plaintiff allegedly injured his heel and asserts that he is now permanently disabled as a result of the fall.
This suit was filed by the plaintiff against Queenan alleging the negligence of the crane operator, Elmer Finch, as a cause of his having to jump from the truck and sustain the aforementioned injuries. Queenan and its insurer subsequently filed *647 a motion for summary judgment seeking a dismissal of plaintiff’s suit on the ground that Finch was a borrowed employee of Nooter at the time of the accident and therefore Nooter would be responsible for any negligence of Finch under the doctrine of “Respondeat Superior” and the lending employer, Queenan, would have no liability. The trial judge, after examining the evidence, ruled in favor of defendants. Plaintiff appeals from the dismissal of his suit.
Our review of the record reveals the following pertinent facts to be uncontradicted and without genuine dispute: Queenan had no interest in the operation in progress at the time of the accident. Queenan had only the right to receive lease payments for the use of its crane, and to be reimbursed by Nooter for the amount of wages it paid to Finch and Flood. Finch reported to Nooter’s personnel for his instructions while on the job. The crew of Nooter employees participating in the operation had a foreman by the name of Mims, and it was he who directed the crew and instructed the crane and truck operators throughout the loading and unloading process. All special operating instructions were given to Finch by Nooter employees. Queenan was not engaged in the construction project and had no interest in the finished product. Nor was Queenan interested in the manner or time it took to complete the project. The above stated material facts are without dispute. Based upon these undisputed facts, the court below determined that, as a matter of law, Finch was the borrowed employee of Nooter at the time of the accident, and that the lending employer, Queenan, was not responsible for the negligence, if any, of Finch under the doctrine of respon-deat superior. In this connection, the trial court stated:

“Finch reported to work on the morning of the accident at the Nooter job site and not the Queenan office. Nooter employees told him what the crane was needed for that day and he was directly under control of Nooter employees up to the time of the accident. For these reasons, the court concludes that under the undisputed set of facts, the negligence of Elmer Finch, if any, could not result in the liability of defendant, Mike Queenan Equipment. ”

We reverse.
The trial court decision in this case was rendered prior to the very recent decision of the Louisiana Supreme Court in LeJeune et al. v. Allstate Insurance Co. et al., 365 So.2d 471. We find the LeJeune case to be factually apposite to the instant ease, and the decision therein dispositive of the issue before this court. In the LeJeune case, plaintiff’s decedent was a regular employee of Ardoin’s Funeral Home of Mamou, Inc. (Mamou). He was killed as a result of the negligence of the defendant, Lafleur, a regular employee of Ardoin’s Funeral Home of Ville Platte, Inc. (Ville Platte), who had been borrowed by Mamou. Decedent’s survivors sought tort recovery from the general employer, Ville Platte, under the doctrine of “Respondeat Superior”. In LeJeune, the Court concluded that Ville Platte, the general employer, was liable for damages caused to a third person (LeJeune) as a result of the loaned employee’s negligence. In so concluding, the Court stated:

“Ultimately, however, we determine that for at least some purposes Lafleur may indeed have been a borrowed employee of Mamou, as working under Mamou’s direction at the time of the accident. For instance, Mamou may indeed be responsible for workmen’s compensation to him or for his negligent acts to others, arising out of an accident while Lafleur was performing work for Mamou under its supervision.

Nevertheless, this determination should not relieve the general employer of his liability for his employee’s negligent acts done in the pursuance of duties designated for him by his employer, in whose pay he continued and who had the sole right to discharge him. This is especially so in the present case, where the employee was loaned out to another in a continuing arrangement between the employers for their mutual benefit. .

In Lowenburg v. Labor Pool of America, Inc., 296 So.2d 846 (La.App. 4th Cir. 
*648
1974), the court held both general and special employer solidarily liable in tort to a third person injured by the employee’s negligent act. The court pointed out that while the borrowed employee was subject to the special employer’s supervision and direction while performing work for him, nevertheless he remained in the employment of and subject to direct orders of his general employer, who had ordered him to perform duties for the special employer. We denied certiorari sought by both the special employer, 300 So.2d 191(1) (La.1974) and the general employer, 300 So.2d 191(2) (La.1974).

In our view, this principle is here applicable. It is consistent with our holding that both general and special employer are solidarily liable to the borrowed employee for workmen’s compensation, if he is injured at work for the special employer. Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895 (1958). Further, as we have noted, despite the confusion in the jurisprudence — in that seemingly indistinguishable facts produce disparate results as to whether a borrowed employee is still subject or not to the control of his general employer so as to have abandoned or not the latter’s employment — , the jurisprudence almost uniformly has held the general employer liable to a third person for the employee’s torts, when that issue has arisen.

A number of other jurisdictions have likewise held that both the general and special employer may be held solidarily liable for the employee’s tort. We believe this to be the better rule and, accordingly, overrule expressions indicating to the contrary, as well as the two decisions of the intermediate courts which expressly held the general employer not liable to a third person for torts committed by his employee while loaned to a special employer.

We conclude, therefore, that under the circumstances, Ville Platte, the general employer, is liable to the plaintiffs for the damages caused them by Lafleur while negligently driving the hearse for Mam-ou.” (Footnotes omitted)

In the instant case, as in LeJeune, Finch (the borrowed employee) was working under Nooter’s direction at the time of the accident. However, he was assigned to work for Nooter by Queenan, and he continued to receive his pay from Queenan, who had the sole right to discharge him. We conclude that in light of the Supreme Court’s decision in LeJeune, supra, the trial court erred as a matter of law, in rendering summary judgment in favor of the defendants.
For the above and foregoing reasons, the judgment appealed from is reversed and set aside and this matter is remanded to the trial court for further proceedings consistent with the views expressed herein. All costs of this appeal are assessed to appel-lees.
REVERSED AND REMANDED.