YELVERTON, Judge.
The first issue in this case is whether the driver of a vehicle had implied permission from the owner to use it. The second issue is whether the plaintiff driver was free of fault contributing to the accident.
A car driven by Patrick Kelly was going south on U.S. Highway 165 near Oakdale, Louisiana, at about 3:00 o’clock a.m. on February 15, 1985. It collided with a 1974 Chevrolet wrecker that was parked across the highway. The wrecker had been driven there and parked by W.M. Dearmond, Jr. Dearmond was an employee of the wrecker’s owner, Chester Marcantel of Oakdale. State Farm Mutual Automobile Insurance Company was the insurer of the wrecker. Kelly sued Dearmond, Marcantel, and State Farm for personal injuries and property damages as a result of the collision.
State Farm and Marcantel answered denying liability and coverage, contending at the trial that the wrecker had been taken by Dearmond without the knowledge, permission, or consent of its owner, Marcantel. The trial judge concluded that Dearmond had implied permission to use the wrecker, and that the cause of the accident was entirely due to the actions of Dearmond in parking the unlit wrecker across the highway in the darkness. He awarded Kelly $5,000 in damages against all defendants. Marcantel and State Farm appealed. We affirm.
The determination of whether one is operating a vehicle with the permission of the owner is an issue of fact. A finding of fact cannot be overturned on appellate review unless it is clearly wrong. Arcén- *269 eaux v. Domingue, 365 So.2d 1330 (La.1978). We find no error in the trial court’s finding of fact in this case.
Dearmond was employed by Marcantel at his paint and body shop and wrecker service in Oakdale. As part of Dearmond’s compensation, he was allowed to live in a camper owned by Marcantel located adjacent to Marcantel’s business. Dearmond possessed a key to Marcantel’s shop. Keys to the wrecker and a pickup truck were always kept in Marcantel’s office located inside the shop. During the lower court proceedings, plaintiff’s attorney asked Mar-cantel, “Did he [Dearmond] have the keys to either vehicle available to him?” Mar-cantel’s response was, “Well, I kept the keys in my office, all of my keys.” Mar-cantel was then asked, “And did he have a key to the office?” His response was, “Right. He had a key for the shop.” Mar-cantel was later asked, “You never sent him [Dearmond] to pick up things for you?” The response was, “Oh, he may have picked up stuff when I wasn’t there or something.”
Dearmond had a key to the shop which was right outside the camper he occupied. He had free access to the shop and knew exactly where the keys to the vehicles were. When Marcantel was asked, “Is it possible that he [Dearmond] could have used it [the wrecker] before and you not be aware of it?” Marcantel answered, “Yes, very possible.”
The jurisprudence of this state is clear with regard to implied permission to use an insured vehicle. In Wolfe v. Employers Commercial Union Ins. Co., 272 So.2d 714, 715 (La.App. 3rd Cir.1973) the court stated that “... implied permission arises from a course of conduct by the named insured involving acquiescence in, or lack of objection to, the use of the vehicle.” In making such a determination, the court must consider all of the facts and circumstances involved. Gremillion v. Goleman, 316 So.2d 810 (La.App. 1st Cir.1975).
Dearmond did not testify. He disappeared soon after the accident. He was intoxicated on the night in question.
The trial judge stated that he was not impressed with Marcantel’s testimony. The wrecker service was an “on call” business. Marcantel testified that he had gone to report the theft of his wrecker at the sheriff’s office when the accident report came in that the wrecker had been in a wreck. In his reasons for judgment the trial judge said, “[t]he wrecker was reported stolen only after the accident in an effort to avoid being sued for the accident”. The trial judge believed that Mar-cantel had hired Dearmond not only to work in the body shop but also to operate the wrecker.
The trial court’s credibility evaluation and finding of fact is not manifestly erroneous. We agree that Dearmond’s use of the wrecker on the night in question was with the implied consent of the owner.
On this appeal State Farm also contests the trial court’s finding that Kelly, the driver of the automobile, was not at fault.
On the night of the accident, Plaintiff had been out with friends. It was established by his testimony that he had had nothing to drink. The trial judge found that the plaintiff was confronted with a sudden emergency, and that he acted reasonably and tried to avoid the accident but could not.
The highway as it passes through Oak-dale and for some distance on each side is five-laned, the center lane being a passing lane. The wrecker was stopped across the middle three lanes with the back end extending into the lane Kelly was using. Kelly testified that he did not see any lights on the wrecker. There is no explanation in the record as to what the wrecker was doing in that unusual location and position. But the evidence is clear that it was there, Dearmond was in it, Dearmond was drunk, and probably none of the lights were on, at least no lights visible to the plaintiff. The trial judge obviously believed Kelly’s testimony that he did not see this wrecker, the rear end of which was extending into his lane, and it is understandable that the silhouette of such an unlit and unexpected object might not be *270 observable at night until too late. Kelly testified he was driving 30 miles per hour, which was within the speed limit. He suffered relatively minor injuries and this, too, suggests that his speed was not excessive. We find no error in the trial court’s conclusion that Kelly was not at fault to any degree.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.