NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-328

STATE OF LOUISIANA

VERSUS

LARRY J. JULIAN, JR.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 70,904
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Shannon J. Gremillion, Judges.

AFFIRMED.

David M. Smith
Michael Harson
District Attorney
15th Judicial District Court
P.O. Box 288
Crowley, LA 70527
(337) 788-8831
Counsel for Plaintiff/Appellee:
        State of Louisiana

**Samuel David Abraham**
**Attorney at Law**
**P.O. Drawer 2309**
**Lafayette, LA 70502-2309**
**(337) 234-4523**
**Counsel for Defendant/Appellant:**
    **Larry J. Julian, Jr.**

**DECUIR, Judge.**

Defendant, Larry J. Julian, Jr., was convicted of distribution of cocaine, a violation of La.R.S. 40:967, and was sentenced to serve fifteen years at hard labor with credit for time served. Defendant is now before this court on appeal, asserting three assignments of error which challenge his conviction.

## FACTS

On May 25, 2006, Defendant sold a small bag of cocaine to Agent Heidi Stagg, an undercover officer for the Acadia Parish Sheriff's' Office.

## SUFFICIENCY OF EVIDENCE

Defendant argues that his conviction should be overturned because the evidence was insufficient to convict him of the offense.

The analysis for a claim of insufficient evidence is well-settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981).

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Pursuant to La.R.S. 40:967, it is unlawful to knowingly or intentionally distribute cocaine, a controlled dangerous substance classified in Schedule II. In the instant case, Defendant challenges his identity as the person from whom Agent Stagg purchased cocaine on May 25, 2006.

Defendant argues that his conviction was achieved by the uncorroborated testimony of one witness, Agent Stagg. Further, Defendant asserts that the State failed to secure the presence of its confidential informant, a participant in the

transaction, thereby creating a presumption that the confidential informant would have testified unfavorably to the State's case. As such, Defendant contends that this presumption creates an internal contradiction as to Defendant's identity as the perpetrator and, thus, renders Agent Stagg's testimony legally insufficient to support a conviction.

In support of his argument, Defendant refers to a civil case, *Lowenburg v. Labor Pool of America, Inc.*, 296 So.2d 846, 849 (La.App. 4 Cir.), *writs denied*, 300 So.2d 191 (La.1974), wherein the court said:

> Where the unexplained failure of a litigant to call a witness who possesses peculiar knowledge essential to that party's cause, which witness is available to him and is under his control raises a presumption that that witness' testimony would be detrimental to the party's cause. (*See also New Amersterdam Casualty Co. v. Culotta*, La.App., 230 So.2d 339 (1970) and *Marshall v. So. Farm Bureau Gas Co.*, La.App., 204 So.2d 665 *writ refused*, 251 La. 860, 206 So.2d 711 *cert. denied* 393 U.S. 883, 89 S.Ct. 189, 21 L.Ed.2d 158 (1967)).

The doctrine in *Lowenburg* is not applicable to the instant case. In *Lowenburg*, the testimony of the absent witness was essential to the defense. In the instant case, a review of the record indicates that two witnesses for the State, Acadia Parish Sheriff's Lieutenant Kevin Trahan and Agent Stagg, testified about Defendant's identity, and, thus, the confidential informant's testimony was not essential to the State's case against Defendant.

At trial, Lieutenant Trahan testified that he was a sergeant in the narcotics division in 2006. On May 25, 2006, Officer Chris McBride and Agent Stagg, an undercover agent, were assisting Lieutenant Trahan on a detail. Lieutenant Trahan and Officer McBride were monitoring an audio transmission of the transaction while Agent Stagg was going to make the buy. A confidential informant, Freddie Wheeler,

2

was to accompany Agent Stagg to identify the person making the sale. Lieutenant Trahan gave Agent Stagg money to make the purchase.

Lieutenant Trahan testified that he heard Agent Stagg make contact with a male subject and that a drug transaction took place. Afterwards, Lieutenant Trahan met with Agent Stagg, who turned over the evidence. About a week later, Lieutenant Trahan presented a lineup to Agent Stagg who identified Defendant from the lineup as the person from whom she purchased the cocaine.

As noted above, Mr. Wheeler's testimony was not essential in proving that Defendant sold cocaine to Agent Stagg. Mr. Wheeler provided Agent Stagg with the name of the person from whom she purchased cocaine. She later identified Defendant from a lineup who turned out to be the person that was named by Mr. Wheeler. Mr. Wheeler had nothing to do with the lineup. Additionally, Agent Stagg identified Defendant at trial as the person who handed her the bag of cocaine. Accordingly, the State's failure to call Mr. Wheeler to testify did not create a presumption that he would have testified unfavorably to the State's case. As such, Defendant has not shown that an internal contradiction exists as to Defendant's identity as the perpetrator.

Further, as noted by this court in *State v. Cash*, 03-853, p. 6 (La.App. 3 Cir. 12/10/03), 861 So.2d 851, 855-56, *writ denied*, 04-27 (La. 4/30/04), 872 So.2d 472, and *writ denied*, 04-232 (La. 5/7/04), 872 So.2d 1080:

> It is well-established that the State has discretion regarding how to make out its case. Presence or absence of evidence, and weight of the evidence produced, are matters to be assessed by the factfinder. For example, there is no legal requirement for the State to test for fingerprints, produce fingerprint evidence, test certain evidence, or call certain witnesses to satisfy the elements of the offense at issue. *See State v. Green*, 94-986 (La.App. 3 Cir. 3/1/95), 651 So.2d 435.

*See also State v. Hargrave*, 05-1027 (La.App. 3 Cir. 3/1/06), 926 So.2d 41, *writ denied*, 06-1233 (La. 11/22/06), 942 So.2d 552. As such, the State was not required to call the confidential informant as a witness at trial.

Although Defendant maintained at trial that he did not provide drugs to Agent Stagg on May 25, 2006, and that he had never met Agent Stagg, the jury did not find Defendant's testimony to be credible. Instead, the jury chose to believe Agent Stagg's identification of Defendant. In *State v. Bernard*, 98-994, p. 7 (La.App. 3 Cir. 2/3/99), 734 So.2d 687, 691 (citations omitted), this court stated, "It is well settled in Louisiana law that a jury may rely on a single witness's testimony to establish a factual element required to prove guilt, provided there is no internal contradiction or irreconcilable conflict with physical evidence." Accordingly, Agent Stagg's testimony was sufficient to support Defendant's conviction.

## NEW TRIAL

By this assignment of error, Defendant argues that the trial court erred in denying his motion for a new trial.

Defendant filed a Motion for New Trial asserting that prior to trial, he requested the presence of the confidential informant, Freddie Wheeler. Defendant conceded that the State revealed the name of Mr. Wheeler, but alleged that the State denied knowledge of his location. Defendant maintained that he had no time to locate Mr. Wheeler prior to trial. After trial, however, Defendant located Mr. Wheeler. According to Defendant, Mr. Wheeler stated that at no time did Defendant sell drugs in his presence. Defendant concluded that the exculpatory information should have been revealed to him by the State and that there could be no confidence in the verdict in light of the new evidence.

4

Defendant concluded his motion, asserting that the State was in control of Mr. Wheeler at the time the offense was committed and should have been required to produce Mr. Wheeler. In the alternative, Defendant maintained that the trial court should have granted an instruction, indicating that an adverse presumption attached due to the State's failure to produce Mr. Wheeler whose testimony would have been adverse to the State. The motion was summarily denied by the trial court on February 2, 2009.

On appeal, Defendant contends the defense requested all exculpatory evidence, including the names of informers whose testimony would be favorable to the defense. Defendant then complains that despite his requests, Freddie Wheeler's name was not revealed until the morning of trial. Defendant contends that the State withheld Mr. Wheeler's name, knowing that the informant's testimony would be favorable to the defense. Further, Defendant asserts that Mr. Wheeler's identity should have been timely revealed to afford him sufficient time to secure Mr. Wheeler's presence.

The record is void of any attempt by Defendant to seek the disclosure of the confidential informant's identity other than Defendant's blanket requests for production of exculpatory evidence. Defendant did not file a motion to disclose the informant's identity to overcome the State's privilege. Defendant had the opportunity prior to trial to seek the disclosure of the informant's identity, but failed to do so.

On the day of trial, the State disclosed the name of the confidential informant, but the informant was not called to testify. Defendant made no attempt to postpone trial, nor did he claim that the State withheld exculpatory evidence to benefit the prosecution. Defense counsel attempted to find Mr. Wheeler after Mr. Wheeler's name was disclosed, but was unable to locate the informant. Defendant now

complains that he did not have sufficient time at that late date to locate Mr. Wheeler and that the State withheld exculpatory evidence. Defendant, however, has not shown that the State knew of the alleged exculpatory evidence prior to or during trial. Defendant's allegations are purely speculative.

After trial, Defendant was able to locate Mr. Wheeler and now maintains that Mr. Wheeler's testimony would show that he did not sell any drugs in Mr. Wheeler's presence. However, Defendant has not shown that he exercised due diligence in discovering the alleged new and material evidence before or during trial as required by La.Code Crim.P. art. 851. Instead, Defendant contends that the State allegedly withheld exculpatory information.

Defendant bases his allegation on the assertion that Mr. Wheeler participated in the offense, and, thus, his identity should have been disclosed to him. In support of his argument, Defendant refers to *State v. Thornton*, 94-1470, pp. 4-5 (La.App. 1 Cir. 10/6/95), 671 So.2d 481, 484, wherein the court stated:

> The Louisiana Supreme Court has recognized the informer privilege. The burden is on defendant to show exceptional circumstances warranting disclosure of the name of the CI. *State v. Davis*, 411 So.2d 434, 436 (La.1982). The trial court is accorded great discretion in making such a determination. *State v. James*, 396 So.2d 1281, 1284 (La.1981).
>
> As a general rule, the State is permitted to withhold the identity of the informer from the accused. This privilege is founded upon public policy and seeks to further and protect the public interest and law enforcement by encouraging persons to supply information to the police without fear of reprisal by the person to whom the information pertains. Thus, the identity of an informant should be made known to the accused only when his right to prepare his defense outweighs the need for protection of the flow of information. *State v. James*, 396 So.2d at 1284. When the State's case shows the informer participated in the crime, his identity should be disclosed to defendant. In such cases, the informer does more than furnish a tip that enables the police to make an arrest. While working with the police, he takes part in the illegal transaction itself. *State v. Dotson*, 260 La. 471, 256 So.2d 594, 606

6

(1971) (on rehearing), *cert. denied*, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972).

In *Thornton*, the court found that the confidential informant did not participate in the crimes. The purpose of having the informant in the car with the officer during the transactions was to blend the officer into the surroundings. If people saw the officer with the informant who was from the area, they would automatically feel comfortable selling drugs to the officer. Also, the informant was given strict instruction to remain silent and refrain from touching any money.

In the instant case, the record clearly established that Mr. Wheeler did not participate in the offense. Lieutenant Trahan testified that the purpose of using a confidential informant is for identification only. Lieutenant Trahan explained that the informant tells the agent where to go, the agent and informant proceed to the area and then the agent initiates the conversation and makes the buy. Afterwards, the informant identities the person involved in the transaction with the agent.

With regard to the instant transaction, Lieutenant Trahan testified that Mr. Wheeler directed Agent Stagg to the area where she could buy drugs, and then Agent Stagg talked to Defendant to try and buy drugs. Lieutenant Trahan maintained that he did not hear Mr. Wheeler's voice on the audio transmission during Agent Stagg's transaction with Defendant.

Agent Stagg testified that a confidential informant is not allowed to drive or make any purchases. The informant is not issued any buy money and is searched before getting into the vehicle with the agent. Lastly, Agent Stagg confirmed that it was not possible for an informant to make a purchase while working with her because the passenger's side window does not roll down, preventing access to the informant.

7

Considering the testimony of Lieutenant Trahan and Agent Stagg, we find that Mr. Wheeler did not participate in the transaction, and, thus, Defendant failed to establish exceptional circumstances justifying disclosure of his identity.

**ADMISSION OF EVIDENCE**

By this assignment of error, Defendant argues that the trial court erred in admitting State's Exhibits 2 and 3 over the defense's objection as to improper foundation and chain of custody. Defendant asserts that the State did not prove that the evidence obtained by Lieutenant Trahan and put in the evidence locker had ever left the evidence locker for testing. Without such evidence, Defendant maintains there was no proof that the white powdery substance was cocaine or any substance prohibited under La.R.S. 40:967.

The supreme court in *State v. Cosey*, 97-2020, pp. 3-4 (La. 11/28/00), 779 So.2d 675, 678, *cert. denied*, 533 U.S. 907, 121 S.Ct. 2252 (2001), stated:

> To be admissible at trial, demonstrative evidence must first be identified. La. C.E. art. 901. Identification can be visual or by chain of custody of the object. *State v. Landry*, 388 So.2d 699, 704 (La.1980), *cert. denied*, 450 U.S. 968, 101 S.Ct. 1487, 67 L.Ed.2d 618 (1981); *State v. Overton*, 596 So.2d 1344, 1354 (La.App. 1st Cir.), *writ denied*, 599 So.2d 315 (La.[1997-2020 La. 4] 1992). The identification need not be absolute, certain or wholly unqualified. *State v. Mills*, 505 So.2d 933 (La.App. 2nd Cir.) (sufficient that a preponderance of evidence establishes that it is more probable than not, the evidence is connected with the case, "... the weight to be given to the evidence is a question for the jury."), *writ denied*, 508 So.2d 65 (La.1987).

At trial, Agent Stagg testified that after the transaction with Defendant, she drove to a secure location and put the small bag of cocaine received from Defendant into a brown envelope. On the envelope, Agent Stagg wrote Defendant's name, time, date, and location of the transaction and then secured the envelope in her vehicle. Agent Stagg then met with Lieutenant Trahan and Officer McBride and handed over

the evidence. Agent Stagg identified the small bag of cocaine at trial to be the bag she purchased from Defendant.

Lieutenant Trahan testified that Agent Stagg turned the evidence over to him in a brown envelope on May 25, 2006. Also, the brown envelope submitted into evidence at trial was identified by Lieutenant Trahan as the one Agent Stagg gave to him following the transaction. Lieutenant Trahan explained that the time the evidence was picked up from Agent Stagg is entered on a log.

When Lieutenant Trahan returned to his office, he placed the evidence in an evidence bag which reflected the case number, N06158, and then sealed and initialed the bag. The bag was then placed in a safe until it was picked up by the evidence officer and transported to the lab for testing. Lieutenant Trahan also filled out a report with duplicate copies and stated that one copy was submitted to the lab with the evidence. Lieutenant Trahan identified the copy of the report, State's Exhibit 2.

State's Exhibit 2 is a Request for Scientific Analysis, ACL- 06-3557, which purports to submit for analysis an evidence bag containing one plastic bag of off-white powder-like substance. The person requesting the report was Lieutenant Kevin Trahan. The suspect was identified as Larry Julian, Jr. The person making delivery to the lab was T. Hanley, and the evidence was received by Wanette B. Haycock on June 1, 2006.

State's Exhibit 3 is a report from the Acadiana Criminalistics Laboratory directed to Lieutenant Trahan, lab case #ACL-06-3557 and dated July 27, 2006. The report indicates that on June 1, 2006, Wanette Haycock received evidence for lab case #ACL-06-3557 from the Acadia Parish Sheriff's Office via Tamara Hanley. The contents of the plastic bag containing white powder was found to be .83 grams of

9

cocaine. The lab results were then returned with the same identifying case and lab numbers. Lieutenant Trahan identified the results received from the crime lab, State's Exhibit 3.

Detective Sergeant Phyllis Lejeune, a detective and evidence officer at the Acadia Parish Sheriff's Office, testified that she was not the person who brought the evidence involved in the instant case to the crime lab, nor was she the person who received the evidence when it was returned from the crime lab. For the purpose of trial, Detective Lejeune pulled the evidence from the evidence locker and transported the evidence to court. According to Detective Lejeune, the evidence had not been checked out since its return to the evidence locker. Detective Lejeune explained that when evidence is checked out, it has to be signed out. The log for this evidence indicated that the evidence was never checked out.

Following Detective Lejeune's testimony, Defendant objected to the introduction of the State's exhibits as to the chain of custody, asserting that all the persons who had custody of the evidence had not been called to testify. The trial court overruled the objection without any further discussion.

On appeal, Defendant complains that according to Officer Lejeune, the evidence was never checked out of the evidence locker and that no one testified that the evidence was removed from the locker, taken to the crime lab for testing, and then returned to the locker. Also, Defendant maintains that the State's attempt to show that Officer T. Hanley brought the evidence to the crime lab "fails" because the lab number checked in is not the lab number checked out. Defendant refers to State's Exhibit 2, asserting that it shows the lab number as 06-3551, not 06-3557.

Although Defendant is correct that no one testified that the evidence was removed from the locker, taken to the crime lab for testing, and then returned to the locker, the lab receipt and report, State's Exhibits 2 and 3, indicate otherwise. Also, there was no evidence or testimony at trial to challenge or contradict the fact that the evidence had been taken to the lab for testing.

Additionally, the lab number assigned to the request is the same number as that of the report. The handwritten lab number located in the top right corner reads "06-3557." The number seven has a line in the middle to clearly differentiate the character from the number one. Lastly, there was no evidence or testimony at trial to suggest or show that the handwritten number is not a number seven, but instead, a number one.

Although there is no testimony from the persons who removed the evidence from the evidence room for testing or who received the evidence for testing, the physical evidence of the lab request and report indicate that the evidence was tested. Lieutenant Trahan testified that he filled out the request form that identified the evidence to be tested and then the evidence was assigned ACL No. 06-3557 upon receipt by lab personnel. The number is clearly reflected on the request form and is the same number on the lab report. Additionally, at trial, Agent Stagg identified the cocaine she purchased from Defendant. Accordingly, we find that the chain of custody as established by the State indicates that the cocaine tested by the lab was more probably than not the cocaine connected with the instant case, and, thus, the trial court did not err in admitting State's Exhibits 2 and 3.

## DECREE

For the foregoing reasons, Defendant's conviction and sentence are affirmed.

## AFFIRMED.

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.