315 So.2d 766 (1975)
STATE of Louisiana, Appellee,
v.
Paul A. MAYS, Appellant.
No. 55989.
Supreme Court of Louisiana.
June 23, 1975.
*767 Murphy W. Bell, Director, Fred A. Blanche, III, Trial Atty., Roland T. Huson, III, Appellate Counsel, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Richard E. Chaffin, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of distribution of marijuana. La.R.S. 40:966, subd. A. He was sentenced to four years at hard labor. On appeal, he contends that two errors were committed requiring reversal. We find no merit and affirm.
The offense charged related to a transaction between the defendant Mays and Officer Trahan, an undercover agent. An informer brought Trahan to an apartment, where (the jury believed) Trahan purchased a pound of marijuana from the defendant Mays.

(1)
The first error alleged involved some testimony by Trahan, to which objection was made. The testimony allegedly involved evidence of another offense without prior notice to the defendant, in violation of La.R.S. 15:445, 446 (1950) and of the guidelines laid down in State v. Prieur, 277 So.2d 126 (La.1973).
The objected to testimony is as follows: Trahan testified that, while negotiations for the purchase were under way, a friend of Mays walked in with a brown paper bag and told Mays he had not sold it because there was not a full pound in the bag.
If this reference to the other transaction were gratuitous and not relevant to the proof in this case, or if it had been introduced (without Prieur's advance notice) to show system or intent, there might well be merit to the defendant's objection. Howeveras the prosecutor informed the court at the time the objection was made and as the subsequent testimony of Trahan showed, this same brown paper bag of marijuana was purchased from the defendant Mays by Trahan, the undercover officer. (Before the sale was made, the bag was weighed and additional marijuana was added, so as to complete the pound.)
Thus, the testimony as to how the bag came into the Mays apartment was admissible as res gestae, within the definition of La.R.S. 15:448 (1950): "To constitute res gestae the circumstances and declarations *768 must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
Matters which are logically relevant to the issues and form part of the continuous course of the criminal transaction are admissible as res gestae. State v. Frazier, 283 So.2d 261 (1973). As noted by State v. Prieur, 277 So.2d 126, 130 (La.1973), the pre-trial written notice of intention to use other crimes is not required as to evidence of offenses which are part of the res gestae.

(2)
The second error alleged is based on the refusal of the trial judge to permit defense counsel to require Trahan, under cross-examination, to simulate smoking a cigarette.
On direct examination, Trahan had testified that, after the sale, a marijuana cigarette was lit and passed around from person to person. He had simulated smoking (taking a draw from) it along with the others in the group, since not to do so might have made them suspect he was an agent rather than a marijuana-user.
The purpose of the demonstration requested was to test Trahan's credibility. Defense counsel requested the demonstration to show how incredible was the undercover agent's testimony of a simulated smoking of the marijuana.
Trahan, the agent, testified that he had pressed down the end of the cigarette near his mouth and blew around it, so as to cause its end to glow. Defense counsel suggested that the courtroom demonstration would show that the simulated smoking would be immediately obvious, so that it would prove that the agent had lied on the stand, i.e., that he had actually smoked the marijuana instead of simulated doing so.
The trial court erred when it sustained the state's objection that the demonstration was not relevant.
The defendant was entitled to impeach the credibility of the chief prosecution witness by cross-examination showing he had testified falsely on direct. La.R.S. 15:280, 486 (1950). A witness may be impeached by an experiment conducted before the jury which demonstrates the improbability of the witness's testimony. State v. McKowen, 126 La. 1075, 53 So. 353 (1910) (syllabus 7). See also McCormick on Evidence, Section 215 (2d ed. 1972).
The trial court has a large discretion in permitting or refusing in-court experiments. Usually, however, simple demonstrations by a witness are permissible. Criteria for withholding trial permission include considerations arising from the possible disruption of orderly and expeditious proceedings or from the lack of similarity between the courtroom conditions and the actual conditions sought to be re-tested.
See: State v. Leming, 217 La. 257, 46 So.2d 262, 275-77 (1950) (syllabi 23, 24); State v. McKowen, 126 La. 1075, 53 So. 353 (1910); McCormick, cited above; and decisions cited at 88 C.J.S. Trial 46, and at 29 Am.Jur.2d "Evidence", Sections 818 ff. Cf. also Annotation, EvidenceExperimentVisibility, 78 A.L.R.2d 154, 196 (Section 14) (1961).
The State now argues that the simulated smoking of an ordinary cigarette is too dissimilar to simulating smoking a marijuana cigarette. However, the showing in the present record is not to this effect. The sole basis at trial for the State's objection was that this demonstration was not relevant; for the reasons stated, this ground is without merit.
Nevertheless, we do not believe that reversible error resulted from this incorrect ruling. La.C.Cr.P. art. 921.
Subsequent evidence by a witness for the defense indicates that simulated smoking by experienced undercover narcotics agents *769 is a common practice and that the simulation is commonly undertected by other marijuana-users in the group. Trahan, the undercover agent testifying, had been a narcotics agent for six years and had participated in approximately two thousand narcotics cases during that time. Under the testimony as a whole, we find it hardly possible that the trial jury, which accepted the agent's positive and corroborated testimony of the sale, would have reached a different result even had the courtroom experiment indicated that Trahan's simulated smoking was easily detected (if suspected and watched closely).

Decree
Accordingly, we affirm the conviction and sentence.
Affirmed.
SANDERS, C.J., concurs in the decree.