326 So.2d 364 (1976)
STATE of Louisiana
v.
Jimmy Dale HAMPTON.
No. 56877.
Supreme Court of Louisiana.
January 19, 1976.
Rehearing Denied February 20, 1976.
*365 Vincent Wilkins, Jr., Director, Roland T. Huson, III, App. Counsel, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Lennie Perez, James E. Boren, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Hampton was convicted of attempted aggravated rape, La.R.S. 14:42, 14:27, and sentenced to imprisonment at hard labor for ten years. The assignments of error relied upon on appeal relate to (a) the allowance of lineup testimony into evidence and (b) the refusal of the trial court to require the victim of the rape to demonstrate how loud she screamed at the time of the incident.
(a) Lineup Testimony Objection
The lineup at which the victim identified the defendant as her assailant was fairly conducted. It included only men of similar general appearance, picked by the defendant's court-appointed counsel. The victim immediately identified the defendant from the six men in the lineup.
The evidence so shows without contradiction. No complaint is made as to the fairness of the lineup or as to the adequate assistance of the court-appointed counsel at that time.
The sole ground for objecting to admission of the lineup testimony was that the court-appointed counsel was subsequently appointed an assistant district attorney some six months later. He was serving as an assistant district attorney (not charged with prosecution of the present case) at the time of the trial about seven months after the incident.
We find no authority or legal reason to deny admission of a properly conducted *366 lineup for the reason so assigned. This assignment of error is without merit.[1]
(b) Yelling Demonstration by Victim
The victim testified that she had screamed as she escaped from her assailant. Under cross-examination, she was questioned as to her yelling (doubt being indicated, because no one came out from the nearby houses). The apparent purpose was to cast doubt on the victim's testimony of her resistance to the defendant's advances.
The defendant's counsel then asked:
"Yell to the top of your voice for me."
The prosecuting attorney objected, pointing out that the courtroom conditions did not approximate the stress of an attack on a deserted nighttime street.
As we recently noted in State v. Mays, 315 So.2d 766, 768 (La.1975): "The trial court has a large discretion in permitting or refusing in-court experiments. Usually, however, simple demonstrations by a witness are permissible. Criteria for withholding trial permission include considerations arising from the possible disruption of orderly and expeditious proceedings or from the lack of similarity between the courtroom conditions and the actual conditions sought to be re-tested." (Italics ours.)
We find no abuse of the trial court's discretion in sustaining the objection for the reasons urged.
Conclusion
The three other assignments of error are not argued and are presumed abandoned. Our independent review further shows no merit to any of them.
For the reasons assigned, the conviction and sentence are affirmed.
Affirmed.
NOTES
[1] Evidence taken outside the presence of the jury further indicates that the defendant's counsel had been appointed immediately prior to the lineup and solely for the purpose of representing him at it. The casual conversation between the counsel and the defendant adverted, on the merits, only to the defendant's denial of the incident and certain exculpatory explanations (which he had already given to the investigating police officers). The attorney never communicated these to the prosecutor's office after his appointment as a district attorney. No prejudice whatsoever is shown to the accused by the subsequent appointment of his court-appointed counsel as an assistant district attorney not directly involved in his prosecution. See State v. Woods, 283 So.2d 753 (La.1973).