421 So.2d 843 (1982)
STATE of Louisiana
v.
Daryl Wayne ROBERTSON.
No. 81-KA-2739.
Supreme Court of Louisiana.
October 18, 1982.
Concurring Opinion November 9, 1982.
Rehearing Denied November 19, 1982.
*844 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Warren Hebert, Asst. Dist. Attys., for plaintiff-appellee.
Merrily T. Longacre and Janice S. Clark, Bush & Marabella, Baton Rouge, for defendant-appellant.
WATSON, Justice.[*]
Defendant, Daryl Wayne Robertson, was convicted of aggravated rape by a ten to two jury verdict and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:42. Defendant has appealed his conviction, arguing nine of twenty assignments of error.

FACTS
About midnight, on August 1, 1978, two men knocked at the front door of the victim's house on Evergreen Street in Baton Rouge and asked for a person who did not live there. They left. About 4:00 A.M., two men wearing bandanna masks and baseball caps entered the victim's unlighted bedroom with a gun and held it to her temple. They had come through an unlocked back door. Both men raped the victim. After leaving the bedroom, they returned to look for a missing cigarette lighter but could not find it. A Bic cigarette lighter was later found under the sheets. Tests of the seminal fluid showed one of the rapist to be a secretor with Type O blood. This blood type is common to forty-five percent of the population; eighty percent are secretors.
Robertson was arrested about 9:30 P.M. January 22, 1980, on an unrelated charge. A gun was seized from his automobile. He told arresting officer Reed he had participated in a rape on Evergreen Street. Since Reed did not handle rape cases, he notified the sex crimes division of the department. About 11:00 A.M. the next day, officer O'Brien and detective Laird interviewed Robertson. He signed a waiver of his rights, repeated his oral confession and mentioned losing his cigarette lighter. The victim could not identify Robertson in a lineup and selected another man.[1] At trial, Robertson's gun was held to the victim's temple, and she said it felt like and "[c]ould have been" (Tr. 126) the one used by her *845 assailants. Robertson is a secretor with Type O blood and has one year of college education.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the trial court erred in not suppressing his confession.
Donald Hollis, a career criminal in Robertson's cell, testified that Robertson was bruised in the solar plexis area after his questioning by O'Brien and Laird and asked for medical help, which he did not receive. There were approximately twenty other men in the cell. According to Robertson, the officers pistol whipped him. O'Brien and Laird said no threats, coercion, or physical force were used in the brief interrogation.
It is argued that Laird and O'Brien contradicted each other and did not give consistent testimony at the suppression hearing. Also, it is contended that O'Brien's testimony differed between the suppression hearing and trial. Laird and O'Brien were inconsistent about some details of the interrogation. This probably resulted from lapse of time; the arrest was on January 22, 1980, and the hearing on March 10, 1981. The discrepancies were not critical.
Defendant made a knowledgeable waiver of his rights. Although the testimony of Hollis and Robertson conflicted with that of the two officers, the trial court found the latter more credible. Determination of credibility is a function of the trier of fact. State v. Dewey, 408 So.2d 1255 (La., 1982). The testimony of O'Brien and Laird was corroborated at trial by officer Reed. Robertson denied confessing to Reed but admitted that Reed had not used any force against him.
The trial court did not err in concluding that the State proved beyond a reasonable doubt that Robertson's oral confession was free and voluntary.
This assignment lacks merit.

ASSIGNMENTS OF ERROR NUMBER THREE, FOUR AND THIRTEEN
Defendant contends that the trial court erred in admitting defendant's handgun into evidence and allowing a demonstration of the gun at the victim's temple.
Robertson had a handgun which felt to the victim like the one used for the rape. Possession of the gun, which was demonstrated by its introduction into evidence, tended slightly to increase the likelihood of Robertson's guilt. It was therefore relevant evidence. LSA-R.S. 15:441.[2] Many people own handguns just as many people have Type O blood. However, both factors are compatible with defendant's guilt and the jury had a right to consider the evidence. Robertson's gun could have been the crime weapon. Compare State v. Manieri, 378 So.2d 931 (La., 1980) and State v. Landry, 388 So.2d 699 (La., 1980). The pistol was taken from Robertson's car and was connected with him. Compare State v. Davis, 336 So.2d 805 (La., 1976). The gun could not be positively identified as the one used in the crime, which is probably the case in many handgun crimes. The issue of identification goes to the weight of the evidence rather than to admissibility of the weapon. The connexity is a factual matter for consideration by the jury. The trial court did not abuse its discretion in deciding that the possession and availability of a handgun had probative value.
These assignments lack merit.

ASSIGNMENTS OF ERROR NUMBER TWELVE AND FOURTEEN
Defendant contends that the verbal confession to officer Reed was not free and voluntary and Reed's testimony had impermissible references to other crimes. LSA-C.Cr.P. art. 770(2).
*846 Although defendant claimed that he did not make a statement to Reed, Reed's contrary testimony was corroborated by O'Brien and Laird. Reed's testimony that Robertson's confession was free and voluntary is uncontradicted.
On redirect, Reed testified that his department handles burglaries, robberies and street crimes, but not rapes. The evidence explained to the jury why Reed did not prepare a written report about his interrogation. It was not intended to infer that Robertson was a burglar. "Unless the inference is plain that the prosecutor commented on other crimes committed by the defendant, Art. 770 is inapplicable." State v. Curry, 390 So.2d 506 at 509 (La., 1980).
These assignments lack merit.

ASSIGNMENTS OF ERROR NUMBER TEN AND FIFTEEN
Defendant contends that the trial court erred in allowing the cigarette lighter to be introduced in evidence. However, there was no contemporaneous objection. State v. Duncan, 390 So.2d 859 (La., 1980).[3]
Defendant also objects to a leading question intended to elicit testimony from O'Brien about defendant leaving his cigarette lighter at the scene. Although the question was leading and admittedly reminded O'Brien about the lighter, the same information could have been elicited by proper questioning. Defendant was not prejudiced.
These assignments lack merit.

ASSIGNMENT OF ERROR NUMBER TWENTY
Defendant contends that a black and white photograph of him taken approximately two weeks after the rape should not have been admitted into evidence.
The photograph was used in rebuttal to show that defendant's appearance altered between the rape and the lineup. It was intended to explain why the victim failed to identify defendant. The photograph had no identifying features and was introduced by a policeman in plain clothes. It was properly admitted in evidence.
This assignment of error lacks merit.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
LEMMON, J., concurs and assigns reasons.
AUGUSTINE, J., dissents.
CALOGERO, J., dissents and assigns reasons.
LEMMON, Justice, concurring.
The most difficult issue is the admissibility of the pistol which was found in defendant's automobile at the time of his arrest one year after the crime, but which was not shown to be the pistol used in the crime for which defendant was being tried. Defendant objected to the introduction on the ground that the evidence was irrelevant to this case.
When the relevancy of evidence is challenged, the trial judge is accorded wide discretion, and the determination of admissibility involves balancing the probative effect of the evidence against its potential tendency to mislead the factfinder. See State v. Giles, 253 La. 533, 218 So.2d 585 (La.1969); Fed.R.Evid. 401, 403. In this instance, the evidence of defendant's possession of a pistol months after the crime in question was barely relevant to the issue of defendant's guilt. The evidence had almost no tendency to establish the fact that defendant had committed the charged offense. Thus, I agree with defendant that the trial court should not have admitted the evidence.
Nevertheless, I cannot conclude that the jury in this case was misled or that the evidence's potential for prejudice so outweighed its probative effect (however *847 slight) as to warrant reversing the conviction. In my view, the impact on the jury was very close to "neutral", particularly since the prosecutor frankly admitted in closing argument that the state had no idea whether this pistol was the weapon used during the rape. Moreover, the prosecutor did not suggest that defendant had a bad character because he possessed a pistol in his automobile (which is not itself a crime, unless the possessor is a convicted felon).[1]
The principal factual issue in this case (in which defendant's confession was the only solid evidence linking defendant to the crime) was the credibility of the officers who testified concerning the confession. In view of the overall circumstances, I cannot conclude that the trial court committed reversible error in admitting the pistol into evidence. See C.Cr.P. Art. 921.
CALOGERO, Justice, dissenting.
I find merit in assignment of error number one involving the suppression of the defendant's confession. The defendant testified to very specific instances of police threats and physical violence used in order to elicit his oral confession. The police officers were never recalled to the stand to rebut the defendant's detailed allegations of police misconduct. We have consistently held that a general disclaimer by officers prior to the defendant's testimony containing specific allegations is not sufficient to meet the state's burden. State v. Franklin, 381 So.2d 826 (La.1980); State v. Peters, 315 So.2d 678 (La.1975). The officers' testimony, occurring before that of the defendant, that no force had been used did not meet the burden of the state to prove the confession to be free and voluntary.
The admission of the oral confession was crucial to this case since no taped or written version existed. There was little or no real evidence linking Robertson to the crime which occurred well over one year prior to his apprehension by police. The only shred of positive physical evidence was a Bic lighter found at the crime scene. The defendant purportedly told police that he had lost the lighter in the victim's house; however, this statement does not appear in the officer's report. In fact this evidence came to light only in testimony at trial after the police officer was prodded and prompted by the prosecution's question. With the scarcity of physical evidence, the defendant's oral confession became essential to the state's case. It was, however, essential to justice that the confession be admitted only if the state had proven affirmatively and beyond a reasonable doubt that it had been made freely and voluntarily, not through coercion. State v. Simmons, 328 So.2d 149 (La. 1976). The state did not carry its burden in this case.
Accordingly, I dissent from the majority's affirmance of defendant's conviction and sentence.
NOTES
[*] Judges H. Charles Gaudin of the Court of Appeal, Fifth Circuit, and Philip C. Ciaccio and Israel M. Augustine, Jr., of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Justices Calogero, Dennis, Watson and Lemmon.
[1] The lineup was held a year and a half after the offense.
[2] LSA-R.S. 15:441 provides:

"Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
"Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible."
[3] The lighter was introduced after being identified as an item found under the sheets on the bed where the rape occurred. The victim's testimony later established that it probably belonged to one of the rapists.
[1] As a matter of fact, it was defense counsel who argued to the jury that the state offered evidence of the pistol only to show that defendant was a "bad man."